UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In re: Brandon Adams,<br>　　　　　Plaintiff | Case Nos.<br>2:23-cv-01923-CDS-MDC<br>2:24-cv-00216-CDS-MDC<br>2:24-cv-00219-CDS-MDC<br>2:24-cv-00220-CDS-MDC<br>2:24-cv-00282-CDS-MDC<br>2:24-cv-00392-CDS-MDC<br><br>**Order Adopting Magistrate Judge's Reports and Recommendations and Closing Cases** |

　　　　Pro se plaintiff Brandon Adams brought numerous civil actions[1] in this district alleging a wide array of constitutional violations against various entities and parties. Adams initiated these actions without paying the filing fee or applying to proceed *in forma pauperis* (IFP). Thus, on March 26, 2024, United States Magistrate Judge Maxmiliano D. Couvillier, III, ordered Adams to pay the filing fee in full or to file the IFP application in each of the above-listed cases by April 9, 2024.[2] After finding that the deadline had passed and Adams had not paid the filing fee, submitted an IFP application, nor requested more time to do so, Judge Couvillier recommends that I dismiss the actions for Adam's failure to comply with the court's order.[3]

　　　　Under this district's local rules, Adams had until April 26, 2024 to file any objections to the R&Rs. *See* LR IB 3-2(a) ("The deadline to file and serve any objections to a magistrate judge's findings and recommendations is 14 days after service of the findings and recommendations."). As of the date of this order, no objections have been filed. Although I am not required to review

---

[1] There is one additional pending matter brought by Adams in this district. *See* 2:22-cv-01234-CDS-MDC. I have issued a separate order dismissing that action and declaring Adams a vexatious litigant.

[2] *See* Order, 2:23-cv-01923-CDS-MDC, ECF No. 52; 2:24-cv-00216-CDS-MDC, ECF No. 8; 2:24-cv-00219-CDS-MDC, ECF No. 8; 2:24-cv-00220-CDS-MDC, ECF No. 5; 2:24-cv-00282-CDS-MDC, ECF No. 8; and 2:24-cv-00392-CDS-MDC, ECF No. 11.

[3] *See* 2:23-cv-01923-CDS-MDC at ECF No. 67; 2:24-cv-00216-CDS-MDC, ECF No. 10; 2:24-cv-00219-CDS-MDC, ECF No. 8; 2:24-cv-00220-CDS-MDC, ECF No. 6; 2:24-cv-00282-CDS-MDC, ECF No. 9; and 2:24-cv-00392-CDS-MDC, ECF No. 12.

Judge Couvillier's R&Rs,[4] I nonetheless reviewed each one, as well as their corresponding dockets, and agree that Adams failed to comply with the order requiring completion of the IFP form or full payment of the filing fees and that dismissal is thus appropriate.

I.  Discussion

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of Adams' claims. Adams provides no justification for his repeated refusal to comply with court orders and the local rules, nor to attentively prosecute his claims. This makes the court's ability to manage its docket or move cases along expeditiously near impossible. As to the third factor, the court can discern no risk of prejudice to defendants here, given that they were never even served in this matter. The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

---

[4] "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

The fifth factor requires me to consider whether less drastic alternatives can be used to correct the party's failure that brought about the need to consider dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives before the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). I find that given Adams' vexatious behavior, no sanction short of dismissal will be effective. Adams was warned, repeatedly, that failure to comply with court-imposed deadlines and orders would result in dismissal—and failed to act. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) ("[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."). Moreover, Adams had an opportunity to object to the R&Rs recommending dismissal; but failed to do so. Thus, the fifth factor also favors dismissal as I do not find that future opportunities or warnings would be effective.

Having thoroughly considered these factors, I find dismissal is appropriate here. Thus, I find that Judge Couvillier's recommendation is not clearly erroneous nor contrary to law[5] and I adopt it in full.

## II.   Conclusion

IT IS THEREFORE ORDERED that Magistrate Judge Couvillier's Reports and Recommendations in each of the above-listed cases are **ADOPTED in their entirety**.

IT IS FURTHER ORDERED that each of the above-listed complaints are dismissed without prejudice. The Clerk of Court is kindly instructed to close each case.

Dated: April 30, 2024

_____
Cristina D. Silva
United States District Judge

---

[5] A magistrate judge's order should only be set aside if it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A).